IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>**WASHINGTON MUTUAL, INC., et al.**,[1] | : : : : : : | Chapter 11<br>Case No. 08-12229 (MFW)<br>(Jointly Administered) |
| **Alice Griffin,**<br><br>Movant,<br><br>v.<br><br>**WMI Liquidating Trust,**<br><br>Objector. | : : : : : : : : : : : | Civil Action No. 19-2072 (RGA) |

## REPLY TO OBJECTION OF WMI LIQUIDATING TRUST TO THE MOTION OF ALICE GRIFFIN FOR A LIMITED WITHDRAWAL OF REFERENCE

Alice Griffin (the "Movant") hereby submits her reply to the objection of WMI Liquidating Trust ("WMILT" or the "Trust"), successor to Washington Mutual, Inc. and WMI Investment Corp. (collectively, the "Debtors") to her Motion for Withdrawal (Limited) of Reference, dated October 31, 2019 [Bankr. D.I. 12677] (the "Motion"), and respectfully represents as follows:

### Preliminary Statement

1. As anticipated in the Motion, on November 14, 2019 the Trust filed a motion before the Bankruptcy Court to close the Debtors' cases (the "Application"). The deadline for filing objections to the Application is December 2, 2019, and the hearing date on the Application is December 19, 2019. If the Application is granted, unless stayed, the order granting the Application will be final on January 3, 2020.[2] Obviously, the Trust seeks to close the Debtors' cases before the Appeal can be decided. In addition, the Trust submitted its newly filed Application contemporaneously with its objection to the Motion (the "Objection"). It is the Movant's position that by filing the Application with the Objection the Trust, with no concern for this Court's time and resources, attempts to induce this Court to review the Application with

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, were: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1201 Third Avenue, Suite 3000, Seattle, Washington 98101.
[2] Movant intends to file an objection to the Application.

the obvious aim of garnering this Court's sympathy for the 'urgent' need for the Trust to break free of the Bankruptcy Court by year's end.

2.  This urgent necessity is of a recent vintage because at the September 26, 2019 hearing before the Bankruptcy Court the Trust's counsel expressly stated his awareness that one other litigation matter could extend until at least until January 2020.[3] Obviously, those and other matters were extant on April 29, 2019 when Appellant filed her notice of appeal and after the Appeal was fully briefed and submitted on or about August 13, 2019. Accordingly, only when Movant's Appeal became the only impediment between the Trust and an order closing the Debtors' cases did such closure become a matter of urgency. As stated in the Motion Appellant is entitled to adjudication of the Appeal and protection thereof from any attempt by the Trust to moot any portion of it by closing the Debtors' bankruptcy cases. It is Appellant's position that it is unlikely that anyone expected that the Appeal would not be adjudicated by this time, and as a matter of due process it would be unfair for the Trust to exploit the delay to defeat or in any way diminish the effect of the outcome of the Appeal.

I.  **The Trust Mischaracterizes the Motion**

3.  As stated in the Motion, federal district courts enjoy original jurisdiction of cases arising under title 11 and in the District of Delaware bankruptcy cases are automatically referred to its bankruptcy courts. Notwithstanding, a bankruptcy case or some or all of the matters arising therein may be withdrawn by a district judge upon motion by a party in interest, and such motion may be granted if cause exists to withdraw all or part of the reference.

4.  The Movant requested this Court to withdraw the power of the Bankruptcy Court to enter an order closing the Debtors' cases without leave of this Court. This request is well within this Court's plenary power over title 11 matters pursuant to 28 U.S.C. § 157(d) and that provision permits Movant to make the request for relief.

---

[3] Brian Rosen, Esq., counsel for the Trust, proposed reserving a placeholder hearing date for adjudication of the Nutmeg Insurance Company matter in December 2019 and January 2020, indicating that he understood that the Debtors' cases could remain open until at least early 2020. (The audio of that hearing is available here: http://www.kccllc.net/wamu/document/0812229190926000000000001.)

5. The Trust claims that if this Court grants the Motion this Court "would be required to consider and rule upon the relief requested in the Application". (Emphasis added.) That assertion is bizarre. Movant is not requesting that this Court enter a Section 350 order closing the Debtors' cases; Movant is merely asking this Court to withdraw the Bankruptcy Court's authority to do so until the Appeal is adjudicated. The Trust conveniently forgets that bankruptcy proceedings are tethered by district courts and with limited exceptions a district court can remove some or all the matters before a bankruptcy court pursuant to 28 U.S.C. § 157(d). In this case only the authority to close the Debtors' cases would be withdrawn, and then only temporarily.

6. The Trust also contends that Movant seeks to prevent the Bankruptcy Court *and* this Court from "consideration and determination of the Application until this Court rules upon [Movant's] Appeal". This, too, is untrue. Griffin has not requested that this Court consider the Application or any matter relating to administering the Debtors' cases other than the Bankruptcy Court's power to enter a Section 350 order, and has requested only that the power to enter such an order be suspended until further leave of this Court. Any reasonable person who read the Motion would understand that the Bankruptcy Court is not being deprived of any power over the Debtors' cases other than the power to enter a Section 350 order and as to that power, it would restored to the Bankruptcy Court after adjudication of the Appeal.[4]

## II. The Appeal Should Be Heard Before the Debtors' Cases are Closed

7. Movant invoked appellate jurisdiction over three months ago when she completed the requirements of this Court's briefing schedule for the Appeal. On appeal are, *inter alia*, Bankruptcy Court rulings that go to the heart of the Debtors' plan of reorganization (the "Plan") and interpret the actions of the Trust's leadership in light of its charter documents. It is Movant's position that to allow the Debtors' cases to close prior to this Court's adjudication of these matters is violative of both due process and Federal Rule of Bankruptcy Procedure 3022 ("Rule 3022"), the rule governing requests for Section 350 orders.

---

[4] Furthermore, the relief requested will not fatally scramble the Plan or significantly harm third parties who have justifiably relied on the Plan's confirmation. If Movant prevails on the merits the only parties who may be harmed are the fifteen investment banks (the "Underwriters") whose counsel advised them to execute a stipulation that violated the Plan, so they were complicit in their own undoing. (Moreover, last winter, when Movant filed her objection to their claims, the Underwriters could have availed themselves of the chance to voluntarily moving from Class 19 to Class 22, thereby possibly depriving Movant of standing to object to the claims as Movant owns no Class 22 interests. Accordingly, the Plan has been substantially consummated in that, upon information and belief, only one creditor class, Class 18 remains unpaid, and equity, Class 19 and Class 22, who take *pari passu*, remain unsatisfied.

a.  *Due Process*

8. The Appeal has been fully briefed and submitted for several months and therefore Movant has done everything required to receive a ruling on the Appeal. Movant was prepared to wait for either word from this Court about scheduling oral argument or issuance of a written ruling, but the Trust's announcement of its intention to close the Debtors' cases prompted the instant Motion. Accordingly, Movant contends that given the foregoing and for the reasons set forth in the Motion due process requires that the Appeal be adjudicated before the Debtors' cases are closed.

b.  *Bankruptcy Rule 3022*

9. Rule 3022 governs issuance of final decrees in Chapter 11 cases.[5] The Notes of Advisory Committee on Rules – 1991 Amendment for Rule 3022 expressly state that among the factors that a court should consider in determining whether to close a case is whether "all motions, contested matters, and adversary proceedings have been finally resolved". Clearly, the policy behind Bankruptcy Rule 3022 is to allow a case to be closed only when all litigation has been resolved. Obviously, appeals are not mentioned because bankruptcy courts are not appellate courts. Accordingly, while not expressly mentioned appeals are derivatives of the types of litigation named in Rule 3022. The Appeal is the continuation of a contested matter. Specifically, Movant's challenge to both the Underwriters' claims and their placement among preferred equity is a contested matter directly relating to claims adjudication and implementation of the Plan, Additionally, if Movant prevails on the merits there will be either disallowance of claims or reclassification of the claims of the fifteen Underwriters, remedies related to full, proper implementation of the Plan's provisions.

## III. All the Matters Raised in the Appeal Were Raised in the Bankruptcy Court Proceeding

10. The Trust continues its mantra that Griffin did not raise certain issues before the Bankruptcy Court and therefore should not be allowed to raise them before this Court. These arguments were discredited in Griffin's appellate filings. First, Griffin raised breach of fiduciary duty and *ultra vires* acts by the Trust's trustee (the "Trustee") and advisory board (the "TAB") at the March 22, 2019 hearing,

---

[5] Federal Rule of Bankruptcy Procedure 3022: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case. "

4

the Bankruptcy Court referred to these claims in her ruling, and both Movant's and the Bankruptcy Court's remarks about these issues are in the transcript of the March 22, 2019 hearing and are beyond dispute. Moreover, Griffin raised the issue of removal of the Trustee and some or all of the TAB members at length in her filings related to that hearing. Finally, Griffin requested costs – and fees – in her March 22, 2019 objection.

## IV. Two Cases Cited by the Trust for Lack of Prejudice to Griffin are Inapposite

11. The Trust cited two cases, *In re Millennium Lab Holdings II, LLC*, 543 B.R. 703 (Bankr. D. Del. 2016) and *In re Nuverra Environmental Solutions, Inc.*, Case No. 17-10949 (Bankr. D. Del. June 22, 2018), in support of its argument that a motion for entry of a Section 350 order can be granted regardless of a pending appeal. The *Millennium Lab Holdings* case dealt with the question of whether the bankruptcy court in that case could certify a matter to the Third Circuit pursuant to 28 U.S.C. § 158(d)(2)(A), which is unrelated to the instant Motion, and is therefore inapposite. Movant was unable to locate the *Nuverra* decision cited by the Trust but did review both decisions written by this Court in relation to that debtor. At the outset, Movant seeks an order withdrawing a facet of the reference temporarily, not seeking a stay pending appeal as was the case cited by the Trust. Notwithstanding, in the Motion Movant provided precedent within the Third Circuit with respect to the criteria for a stay pending appeal to show that if this Court interpreted the Motion as a request for a stay Movant would satisfy Third Circuit criteria, i.e., (a) likelihood of success on the merits, (b) irreparable harm, (c) substantial injury to third parties, and (d) public interest. As this Court pointed out in *In re Nuverra Environmental Solutions, Inc.*, Civ. No. 17-1024-RGA (August 3, 2017), the two most critical factors are the likelihood that Movant will prevail on the merits and irreparable harm to Movant. Movant discussed these in the Motion, asserting at least 50% chance of prevailing on the merits as well as irreparable harm. As to the latter, the Trust admits to holding about $40 million for Class 18 and charitable donations. It is Movant's position that the instant the Debtors' cases are closed the Trust will disburse all remaining monies except what it needs for minimal operations. At this writing, Class 18 remains unpaid and nothing in the Plan guarantees members Class 18 – or any class of interests or claims – 100% of their claims. If full, proper administration of the Plan, including removal of the Underwriters from Class 19, means incurring a financial obligation then the Trust must be forced to keep funds available to satisfy such obligations. The Trust cannot be allowed to have breached its duty to

Class 19 then be able to say there is no money remaining to remedy the situation because the last of its funds have been paid to Class 18. It is Movant's position that this is precisely what the Trust intends to argue when the Appeal is heard if the Debtors' cases are closed prior to adjudication of the Appeal.

**V.     Cause Exists to Grant the Motion**

12.     Movant contends that for the reasons set forth in the Motion (including the fact that the Third Circuit's criteria for establishment of cause under 28 U.S.C. § 157(d) is satisfied in the Motion) cause exists to grant the Motion. Movant further asserts that core equitable principles underlying the bankruptcy system require the Appeal to be adjudicated before the Debtors' bankruptcy cases close because the Appeal addresses issues at the heart of the Debtors' bankruptcy cases, i.e., claims adjudication, equitable treatment of the Trust's stakeholders, and correct implementation of the Plan. Finally, for the reasons set forth in the Motion and herein due process requires that the Appeal be heard before the Debtors' bankruptcy cases are closed.

## **Conclusion**

13.     Accordingly, for the reasons set forth in the Motion, Movant request that this Court (1) rule that cause exists to grant the relief requested in the Motion and (2) enter an order in the form of the revised proposed order attached hereto.

Dated: November 21, 2019
New York, New York

/s/ Alice Griffin_____
Movant, *Pro Se*

121 East 12th Street, #7C
New York, New York 10003
(646) 337-3577
griffincounselpc@earthlink.net

# CERTIFICATE OF SERVICE

I, Alice Griffin, certify that on November 21, 2019 I caused the foregoing Motion to be served upon the parties named below in the manner indicated.

## Via Email and First-Class Mail

Brian S. Rosen, Esq.
Proskauer Rose LLP
Eleven Times Square
8th Avenue and 41st St
New York, New York 10036-8299
brosen@proskauer.com

## Via Email

Amanda R. Steele, Esq.
Paul N. Heath, Esq.
Mark D Collins, Esq.
Marcos Ramos, Esq.
Cory Kandestin, Esq.
Richards Layton & Finger PA
One Rodney Square
920 N King Street
Wilmington, Delaware 19801
steele@rlf.com
heath@rlf.com
collins@rlf.com
ramos@rlf.com
Kandestin@rlf.com

Michael Rosenthal, Esq.
Alan Moskowitz, Esq.
Gibson, Dunn & Crutcher
200 Park Avenue
New York, NY 10166-0193
mrosenthal@gibsondunn.com
amoskowitz@gibsondunn.com

Charles E. Smith, Esq.
John Maciel
WMI Liquidating Trust
chad.smith@wamuinc.net
jmaciel@alvarezandmarsal.com

Benjamin Finestone, Esq.
Quinn, Emanuel Urquhart & Sullivan LLP
52 Madison Avenue
New York, New York 10010
benjaminfinestone@quinnemanuel.com

T. Patrick Tinker, Esq.
Office of the United States Trustee
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street, Ste. 2207
Wilmington, Delaware 19801

William P. Bowden, Esq.
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
Telephone: (302) 654-1888
WBowden@ashbygeddes.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re:<br><br>**WASHINGTON MUTUAL, INC., et al.**,[1] | : : : : : : | Chapter 11<br>Case No. 08-12229 (MFW)<br>(Jointly Administered) |
| **Alice Griffin,**<br><br>Movant,<br><br>v.<br><br>**WMI Liquidating Trust,**<br><br>Objector. | : : : : : : : : : : | Civil Action No. 19-2072 (RGA) |

## REVISED PROPOSED ORDER FOR WITHDRAWAL (LIMITED) OF REFERENCE

**WHEREAS**, on October 31, 2019, Alice Griffin (the "Movant")[2], *Pro Se*, brought a motion (the "Motion") for an order of this Court withdrawing authority from the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") to enter an order pursuant to 11 U.S.C. § 350(a) ("Section 350") closing the above-captioned bankruptcy cases of Washington Mutual, Inc. and WMI Investment Corp. (collectively, the "Debtors") until further leave of this Court; and

**WHEREAS**, upon consideration of the Motion and any responses thereto, and having found cause to grant the Motion as required by 28 U.S.C. § 157(d),

**NOW, THEREFORE,** it is hereby:

**ORDERED**, that the Bankruptcy Court shall not enter an order pursuant to Section 350 in the Debtors' cases until further leave of this Court.

Dated: November __, 2019
           Wilmington, Delaware

 

_____
The Honorable Richard G. Andrews
United States District Judge

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, were: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1201 Third Avenue, Suite 3000, Seattle, Washington 98101.

[2] Ms. Griffin in the appellant in the proceeding before this Court styled *Alice Griffin v. WMI Liquidating Trust*, Case No. 1:19-cv-00775-RGA.